UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MIGUEL AVILA GARCIA,

                    Petitioner,

        v.

BRUCE SCOTT et al.,

                    Respondents.

CASE NO. C26-2307-BAT

**ORDER GRANTING PETITION
FOR WRIT OF HABEAS CORPUS**

Petitioner Miguel Avila Garcia seeks 28 U.S.C. § 2241 habeas relief, contending that the Immigration Judge ("IJ") abused his discretion and violated the Due Process Clause by failing to apply the correct legal standard for denying bond on the basis of flight risk. Dkt. 1. The Court **GRANTS** the habeas petition and **ORDERS** Petitioner's release within twenty-four (24) hours of this Order.

**BACKGROUND**

Petitioner is a 34-year-old citizen of Mexico, currently detained in the Northwest ICE Processing Center ("NWIPC"), who entered the United States as a teen in 2008 and has remained ever since. Dkt. 1 ¶ 1. On April 28, 2026, he was arrested and detained for an immigration violation in Montana in a joint federal and state operation. Dkt. 6 ("Baz Decl.") ¶ 5. On April 29, 2026, he was informed that he may qualify as an unlawfully detained class member and therefore

ORDER GRANTING PETITION FOR WRIT
OF HABEAS CORPUS - 1

be entitled to seek release on bond or conditional parole under 8 U.S.C. § 1226(a). Baz Decl. ¶ 6; *see Maldonado Bautista v. Noem*, 2025 WL 3678485 (C.D. Cal. 2025). On May 4, 2026, CBP served Petitioner with an arrest warrant and a Notice to Appear ("NTA") that charged him with being a noncitizen improperly within the United States in violation of 8 U.S.C. §§ 1182(a)(6)(A)(i) (present without admission or parole) and 1182(a)(7)(A)(i)(I) (not in possession of valid documentation). Baz Decl. ¶ 7; Dkt. 1-1, at 64–67. Petitioner was subsequently transported to different facilities until finally being transferred to NWIPC in Tacoma, Washington. Baz Decl. ¶¶ 8–10.

On June 16, 2026, an IJ denied Petitioner's request for bond. Baz Decl. ¶ 12. On a checkbox form, the IJ found no jurisdiction and mandatory detention because, according to *Matter of Yajure Hurtado*, 29 I&N Dec. 216 (BIA 2025), Petitioner faced mandatory detention under 28 U.S.C. § 1225(b)(2)(A). Baz Decl. ¶ 12; Dkt. 7-1, at 2. Alternatively, the IJ denied bond because Petitioner had failed to establish that he is not a flight risk. Baz Decl. ¶12; Dkt. 7-1, at 2. There is no transcript or audio recording of the hearing and nothing indicates to what extent the IJ considered evidence of flight risk.

**DISCUSSION**

The Court finds that the IJ abused his discretion and violated the Immigration and Nationality Act ("INA") and the Due Process Clause by failing to apply the proper legal standards regarding the bond determination of flight risk.

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure

ORDER GRANTING PETITION FOR WRIT
OF HABEAS CORPUS - 2

release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner who demonstrates that he or she is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001). Accordingly, a district court's habeas jurisdiction includes challenges to immigration detention. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001). "Once a [constitutional] right and a violation have been shown, the scope of a district court's equitable powers to remedy past wrongs is broad, for breadth and flexibility are inherent in equitable remedies." *Roman v. Wolf*, 977 F.3d 935, 942 (9th Cir. 2020) (quoting *Swann v. Charlotte-Mecklenburg Bd. of Educ.*, 402 U.S. 1, 15 (1971)).

Under the Due Process Clause of the Fifth Amendment to the United States Constitution, no person shall be "deprived of life, liberty, or property, without due process of law[.]" U.S. Const. amend. V. "The Fifth Amendment guarantees due process in deportation proceedings." *Torres-Aguilar v. I.N.S.*, 246 F.3d 1267, 1270 (9th Cir. 2001). "[T]he Due Process Clause applies to all 'persons' within the United States, including [noncitizens], whether their presence here is lawful, unlawful, temporary, or permanent." *Zadvydas*, 533 U.S. at 693; see also *Demore v. Kim*, 538 U.S. 510, 523 (2003) (recognizing that Fifth Amendment due process protections extend to deportation proceedings but noting that "detention during deportation proceedings [is] a constitutionally valid aspect of the deportation process").

**I.   Petitioner Is Detained Under 8 U.S.C. § 1226(a)**

Respondents contend that Petitioner is mandatorily detained under 8 U.S.C. § 1225(b)(2) as a noncitizen present in the United States without having been admitted. Dkt. 5, at 4–5. They

ORDER GRANTING PETITION FOR WRIT
OF HABEAS CORPUS - 3

acknowledge, however, that this Court has already rejected that position and determined that the detention of those situated like Petitioner is governed by 8 U.S.C. § 1226(a). *Rodriguez Vasquez v. Bostock*, 802 F. Supp. 3d 1297 (W.D. Wash. 2025); *see* Dkt. 5, at 4. The Court finds that the statute governing Petitioner's detention is Section 1226(a).

**II.    Prudential Exhaustion Is Not Required**

Respondents argue the Court should, as a prudential matter, require Petitioner to exhaust his administrative remedies, and should dismiss the petition for his failure to do so. Dkt. 5 at 6–9. In the context of habeas review under 28 U.S.C. § 2241, exhaustion of administrative remedies is prudential rather than jurisdictional. *Singh v. Holder*, 638 F.3d 1196, 1203 n.3 (9th Cir. 2011), *abrogation on other grounds recognized by Rodriguez Diaz v. Garland*, 53 F.4th 1189 (9th Cir. 2022). "Courts may require prudential exhaustion if (1) agency expertise makes agency consideration necessary to generate a proper record and reach a proper decision; (2) relaxation of the requirement would encourage the deliberate bypass of the administrative scheme; and (3) administrative review is likely to allow the agency to correct its own mistakes and to preclude the need for judicial review." *Puga v. Chertoff*, 488 F.3d 812, 815 (9th Cir. 2007) (internal quotation marks omitted). Exceptions to the exhaustion requirement include "situations . . . where administrative remedies are inadequate or not efficacious, pursuit of administrative remedies would be a futile gesture, irreparable injury will result, or the administrative proceedings would be void." *S.E.C. v. G.C. George Sec., Inc.*, 637 F.2d 685, 688 n.4 (9th Cir. 1981). Similarly, the exhaustion requirement is waived where the petitioner is "challenging issues other than the BIA's ruling on removability." *Laing v. Ashcroft*, 370 F.3d 994, 1001 (9th Cir. 2004) (citing *Marquez v. INS*, 346 F.3d 892 (9th Cir. 2003)).

Here, with respect to the first factor, Respondents argue the BIA has specialized expertise

ORDER GRANTING PETITION FOR WRIT
OF HABEAS CORPUS - 4

in immigration bond determinations. Dkt. 5 at 7. But the actual issue in this case is whether the bond hearing was legally and constitutionally defective. Although the BIA may have general subject-matter expertise in immigration custody and bond matters, it has no special expertise in resolving the constitutional and legal questions presented here. *See W.T.M. v. Bondi*, Case No. 2:25-CV-02428-RAJ-BAT, 2026 WL 262583, at *2 (W.D. Wash. Jan. 20, 2026); s*ee also Garcia v. Hyde*, Case No. 25-CV-585-JJM-PAS, 2025 WL 3466312, *7 (D.R.I. Dec. 3, 2025) (the petitioner "ultimately raises a constitutional challenge in his habeas petition, an area over which the Immigration Court and the BIA lack any authority to adjudicate, thereby rendering appeal to those bodies futile"). The first factor weighs against requiring prudential exhaustion.

With respect to the second factor, Respondents argue that excusing exhaustion in this context is inappropriate because the case does not involve a discrete legal issue that would provide legal guidance for future administrative proceedings and would undermine the administrative scheme and incentivize deliberate bypass of the BIA to seek de novo review in district court. Dkt. 5 at 7. Although relaxation of prudential exhaustion may, to some extent, encourage others to bypass the administrative appellate procedures, this case presents a legal question about whether the bond hearing met statutory and constitutional requirements, not a request for de novo review of the IJ's discretionary bond determination. *See Rodriguez Vazquez*, 779 F. Supp. 3d at 1251. Thus, contrary to Respondents' suggestion, a decision would likely "be beneficial to provide the specific immigration court, which regularly handles bond hearings, with guidance on the types of circumstances that may lead to a finding of constitutional deficiency." *Soriano v. Hernandez*, No. 2:26-CV-00900-DGE, 2026 WL 969764, at *4 (W.D. Wash. Apr. 10, 2026). This factor weighs neutral.

With respect to the third factor, Respondents argue that administrative review is likely to

ORDER GRANTING PETITION FOR WRIT
OF HABEAS CORPUS - 5

correct errors and obviate the need for judicial intervention. Dkt. 5 at 7. However, the Court finds no reason to delay review in a case where the claim is that statutory and constitutional errors have resulted in continued detention. Moreover, given the lengthy delays inherent in the current appeals process, the Court finds Petitioner will suffer irreparable injury if he is required to wait for a BIA decision before being permitted to file a habeas claim. *See Scott v. Wamsley*, Case No. 2:25-cv-1819-TMC, 2025 WL 3514304, at *4 (W.D. Wash. Dec. 8, 2025) ("Courts in this Circuit have regularly waived exhaustion requirements for noncitizens who face 'irreparable injury' from being detained for 'months without a bond hearing, and where several additional months may pass before the BIA renders a decision on a pending appeal.") (quoting *Marroquin Ambriz v. Barr*, 420 F. Supp. 3d 953, 962 (N.D. Cal. 2019)). Petitioner provides financial and emotional support to his family, particularly his son who has been diagnosed with speech delay and is currently being evaluated for autism spectrum disorder, and his continued detention places substantial stress on his wife during a high-risk pregnancy, which according to his wife's physician endangers both mother and unborn child. Dkt. 1-2, at 21–23, 55. And finally, Petitioner "ultimately raises a constitutional challenge in his habeas petition, an area over which the Immigration Court and the BIA lack any authority to adjudicate, thereby rendering appeal to those bodies futile." *Garcia v. Hyde*, Case No. 25-CV-585-JJM-PAS, 2025 WL 3466312, at *7 (D.R.I. Dec. 3, 2025) (citing *Matter of Cruz de Ortiz*, 25 I&N Dec. 601, 605 (BIA 2011) ("[N]either we nor the Immigration Judges have authority to rule on the constitutionality of the statutes we administer.")); *see also Hechavarria v. Whitaker*, 358 F. Supp. 3d 227, 238 (W.D.N.Y. Jan. 16, 2019) (waiving exhaustion requirement because "the BIA does not have jurisdiction to adjudicate constitutional issues")). The third factor weighs against requiring prudential exhaustion.

ORDER GRANTING PETITION FOR WRIT
OF HABEAS CORPUS - 6

Accordingly, the Court finds it appropriate to waive any requirement that Petitioner exhaust his administrative remedies before seeking habeas relief.

**III.    The IJ Abused His Discretion by Denying Bond**

Petitioner argues the IJ's bond determination was legally defective because it failed to comply with the INA and the Due Process Clause. This Court's habeas review of the IJ's determination as to flight risk is for abuse of discretion. *See Martinez v. Clark*, 124 F.4th 775, 779, 784-85 (9th Cir. 2024). Under an abuse of discretion standard, the court cannot reweigh evidence; the Court can determine only whether the correct legal standard was applied. *Id.* at 785 (citing *Konou v. Holder*, 750 F.3d 1120 (9th Cir. 2014)).

Petitioner argues the IJ violated the INA and his right to due process by failing to conduct an individualized custody determination. When determining whether a noncitizen is a danger to the community or risk of flight, the IJ weighs nine factors pursuant to BIA precedent. *K.G.M.Q. v. Bondi*, No. 2:26-CV-00506-TL, 2026 WL 962609, at *11 (W.D. Wash. Apr. 9, 2026) (citing *In re Guerra*, 24 I. & N. Dec. 37, 40 (BIA 2006) and *Martinez*, 124 F.4th at 783)). These nine factors that an IJ may consider include any or all of the following:

> (1) whether the [noncitizen] has a fixed address in the United States; (2) the [noncitizen]'s length of residence in the United States; (3) the [noncitizen]'s family ties in the United States, and whether they may entitle the [noncitizen] to reside permanently in the United States in the future; (4) the [noncitizen]'s employment history; (5) the [noncitizen]'s record of appearance in court; (6) the [noncitizen]'s criminal record, including the extensiveness of criminal activity, the recency of such activity, and the seriousness of the offenses; (7) the [noncitizen]'s history of immigration violations; (8) any attempts by the alien to flee prosecution or otherwise escape from authorities; and (9) the [noncitizen]'s manner of entry to the United States.

*Martinez*, 124 F.4th at 783 (citing *In re Guerra*, 24 I. & N. Dec. 37, 40 (BIA 2006)). These factors "grant an IJ broad discretion to weigh the listed factors and add any factors not mentioned or discount those that are less probative." *Id*. at 783–84.

ORDER GRANTING PETITION FOR WRIT
OF HABEAS CORPUS - 7

Here, the record is devoid of any indication whatsoever that the ALJ considered these factors in making a flight-risk determination despite Petitioner's extensive presentation of evidence. For example, Petitioner presented evidence of a permanent, fixed address in the United States where he has resided with his family. Dkt. 1-2, at 16–25, 31–51. He provided evidence that he is actively involved in his church community, has maintained consistent employment, and that his United States citizen sister would serve as his sponsor for all his immigration obligations. Dkt. 1-2, at 53, 57, 60. Petitioner presented evidence that he has a job to return to, cares for U.S. citizen children, including one with special needs, and has another child that will be born in September 2026. Dkt. 1-2, at 16–25, 55. Moreover, the IJ neither referred to Petitioner's two convictions for driving under the influence, nor to any reasons for why those 14-to-16-year-old convictions might predispose a person to being a flight risk now. *See* Baz Decl. ¶ 4.  The ALJ failed to provide any rationale for Petitioner's continued detention.

Additionally, the bond order reflects the IJ checked the box that indicated that ability to pay was considered but did not indicate consideration of alternative conditions that might mitigate flight risk. Dkt. 7-1, at 2. An IJ must consider a noncitizen's financial circumstances and whether alternative conditions could mitigate flight risk. *Hernandez v. Sessions*, 872 F.3d 976, 994 (9th Cir. 2017). Failure to do so would create a system of immigration bond determinations that does not adequately provide a reasonable connection between detention and legitimate government interests. *Id.* Here, the IJ denied bond without considering alternative conditions of release. The IJ thus failed to provide any connection between the decision to deny bond and the government's interest in detaining Petitioner. The IJ's failure to consider alternative conditions of release leaves Petitioner's detention unconnected to any legitimate government interest.

In sum, the IJ failed to provide any rationale for his alternative finding of flight risk and

ORDER GRANTING PETITION FOR WRIT
OF HABEAS CORPUS - 8

failed to engage whatsoever with the factors weighing for or against such a finding. By failing to accord Petitioner the process due to him, the IJ abused his discretion and violated Petitioner's Fifth Amendment rights. *See, e.g. Segura Serrano v. Scott*, Case No. 2:26-cv-01268-LK, 2026 WL 1674357 (W.D. Wash. June 1, 2026); *Moreno Porra v. Hernandez*, Case No. 2:26-cv-1164-BAT (W.D. Wash. May 21, 2026).

**IV.   Remedy**

Because Petitioner's bond hearing was legally and constitutionally inadequate, and the Court finds no adequate basis for his continued detention, the Court concludes that the "typical remedy" of release is appropriate. *See Munaf v. Geren*, 553 U.S. 674, 693 (2008) (finding that "[h]abeas is at its core a remedy for unlawful executive detention" and the "typical remedy for such detention is, of course, release."); *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973) ("[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody."); *Soriano*, 2026 WL 969764, at \*6 (ordering petitioner's immediate release after finding no basis for continued detention); *Miri v. Bondi*, Case No. 5:26-cv-00698-MEMF-MAR, 2026 WL 622302 (C.D. Cal. Mar. 5, 2026), at \*12 (ordering habeas petitioner's immediate release after finding IJ abused discretion in denying petitioner's request for bond).

**CONCLUSION**

1.   Petitioner's petition for writ of habeas corpus (Dkt. 1) is **GRANTED**.

2.   Respondents shall **RELEASE** Petitioner with reasonable conditions within 24 hours of the date and time this Order is filed.

3.   Respondents shall file a **CERTIFICATION** that Petitioner has been released no later than 48 hours from the date and time this Order is filed.

ORDER GRANTING PETITION FOR WRIT
OF HABEAS CORPUS - 9

4.    Petitioner's counsel may move for EAJA fees and costs consistent with the law and the statute.

DATED this 23rd day of July, 2026.

_____
BRIAN A. TSUCHIDA
United States Magistrate Judge

ORDER GRANTING PETITION FOR WRIT
OF HABEAS CORPUS - 10